UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAGOBERTO CABRAL,

            Plaintiff,

      —against—

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; TYRONE THOMPSON,
Individually; "JOHN DOE No. 1" and "JOHN DOE No. 2"
names being fictitious, intended to be officers of the
New York City Police Department, Individually.

            Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Case No.: 12 CV 4659

JUDGE CASTEL

JURY TRIAL DEMANDED

      The plaintiff, DAGOBERTO CABRAL, by and through his attorneys, Martin &

Colin, P.C., as and for his Complaint, respectfully alleges the following:

## INTRODUCTION

1. This is an action for equitable relief and for redress for the violation of rights

guaranteed to the plaintiff by state and federal laws, including: (a) damages for

deprivations by defendants acting under color of State law of plaintiff's rights,

privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to

the United States Constitution pursuant to 42 USC §§ 1983 and 1988; (b) damages

for deprivations by defendants of plaintiff's rights, privileges and immunities

guaranteed by Article I, Sections 8, 9 and 11 of the New York State Constitution;

and (c) damages based upon common law claims in tort.

1

## JURISDICTION AND VENUE

2.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3).  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

3.  Venue is proper in this district pursuant to 28 U.S.C. 1391 because all of the material acts and injuries alleged herein occurred within the Southern District of New York.  Such acts include practices and conduct violative of the Fourth and Fourteenth Amendments to the United States Constitution.  In addition, venue is proper in this district pursuant to 28 U.S.C. 1391 because, upon information and belief, defendants' residence and/or principal place of business is in this judicial district.

## PARTIES

4.  The plaintiff DAGOBERTO CABRAL ("Plaintiff") was and still is a resident of the State of New York, County of Westchester.

5.  The defendant CITY OF NEW YORK is a municipal corporation duly existing by reason of and pursuant to the laws of the State of New York.

6.  Upon information and belief, the CITY OF NEW YORK is a municipality authorized by law to maintain a police department which acts as its agent in the area

2

of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and employment of police officers.

7. The defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD") is, upon information and belief, a municipal entity created and authorized under the laws of New York and employed the individual defendants Tyrone Thompson, "John Doe No. 1" and "John Doe No. 2" at the time of the wrongful conduct set forth herein.

8. The defendants TYRONE THOMPSON, "JOHN DOE No. 1", and "JOHN DOE No. 2", who are sued personally and in their individual capacities, at all times relevant hereto, were employed by the NYPD. Each is an individual who, upon information and belief, in their individual and official capacities, participated in the wrongful acts against the plaintiff alleged herein.

## FACTS

9. The plaintiff has complied with all applicable sections of the General Municipal Law which are conditions precedent to bringing this action against the municipal defendants. The plaintiff served a timely Notice of Claim upon all municipal defendants. Thereafter, defendant City of New York requested a hearing pursuant to General Municipal Law §50-H. The hearing was held on February 22, 2012.

10. The plaintiff, DAGOBERTO CABRAL, owns and operates a private automatic teller machine ("ATM") cash dispensing business in New York City.

11. The Plaintiff owns several ATM machines located throughout Manhattan and the Bronx. On a daily basis he drives to several of the locations replenishing the machines with cash. He also inspects the machines, restocks them with supplies and conducts necessary maintenance and repairs.

12. On or around June 24, 2011 at approximately 6:45 p.m., Mr. Cabral was lawfully parked and seated in his motor vehicle in the vicinity of 945 St. Nicholas Avenue, New York, NY when he was approached by the defendants Tyrone Thompson, "John Doe No. 1" and "John Doe No. 2" from the New York City Police Department, without cause to believe he was violating any law or statute.

13. The defendants Tyrone Thompson, "John Doe No. 1" and "John Doe No. 2" drew their guns, aimed their guns at Mr. Cabral's face, head and body, detained and handcuffed Mr. Cabral and seared his car without cause or justification to believe he had committed any crime or violation of the law, and placed him under arrest.

14. Mr. Cabral was confined to a cell without legal cause or justification for several hours.

15. Mr. Cabral was prosecuted for a crime although stopped and searched without legal cause or justification.

16. Mr. Cabral's car was impounded, and he was thereafter deprived of its use for a substantial period of months after his arrest.

17. The officers of the New York City Police Department also took and kept Mr. Cabral's personal property the time of the arrest, including cash that Mr. Cabral had in his possession.

18. Mr. Cabral's cash and his car were the "tools of the trade" for Mr. Cabral, without which he was unable to operate his business.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. §1983: Arrest

19. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "18" above as if fully set forth herein in their entirety.

20. On June 24, 2011, all defendants, proceeding without probable cause or any reliable information tending to suggest plaintiff had committed any crime or other violation of the law, caused the plaintiff to be arrested and detained against his will.

21. At the time of plaintiff's arrest, all defendants were acting under color of State law.

22. Ultimately, all charges against the plaintiff were resolved in his favor, as they were dismissed by a state criminal court judge.

23. In arresting the plaintiff, the defendants acted with deliberate indifference to plaintiff's constitutional rights.

24. In arresting plaintiff, the defendants were acting pursuant to custom, practice or official policy of the CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT.

5

25. Plaintiff's arrest and detention without probable cause was in violation of Mr. Cabral's rights, privileges and immunities secured under the U.S. Constitution, namely plaintiff's rights under the Fourth and Fourteenth Amendments.

26. These violations caused the plaintiff to suffer physical injuries, in addition to economic, emotional and psychological damage.

27. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; (ii) plaintiff is entitled to such additional punitive damages as are allowed by the applicable provisions of 42 U.S.C. §1983, and other applicable statutes and law; and (iii) plaintiff is entitled to such attorney's fees, disbursements and costs as are allowed by the applicable provisions of 42 U.S.C. §1988, and other applicable statutes and law.  As such, plaintiff demands judgment accordingly.

28. In addition, plaintiff demands an order permanently enjoining the defendants from further violation of plaintiff's rights.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. §1983: Detention & Confinement

29. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "28" above as if fully set forth herein in their entirety.

30. At the time of plaintiff's confinement and detention, the defendants were acting under color of State law.

31. In detaining and confining plaintiff, defendants acted with deliberate indifference

6

to plaintiff's constitutional rights.

32. In detaining and confining plaintiff, defendants were acting pursuant to custom, practice or official policy of the CITY OF NEW YORK and/or the NEW YORK CITY POLICE DEPARTMENT.

33. Plaintiff's detention and confinement violated plaintiffs' rights, privileges and immunities secured under the U.S. Constitution, namely plaintiff's rights under the Fourth and Fourteenth Amendments.

34. These violations caused the plaintiff to suffer physical injuries, in addition to economic, emotional and psychological damage.

35. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; (ii) plaintiff is entitled to such additional punitive damages as are allowed by the applicable provisions of 42 U.S.C. §1983, and other applicable statutes and law; and (iii) plaintiff is entitled to such attorney's fees, disbursements and costs as are allowed by the applicable provisions of 42 U.S.C. §1988, and other applicable statutes and law. As such, plaintiff demands judgment accordingly.

36. In addition, plaintiff demands an order permanently enjoining the defendants from further violation of plaintiff's rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. §1983: Failure to Train

37. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through

7

"36" above as if fully set forth herein in their entirety.

38. At all times relevant to this Complaint, the individual defendants were acting under the direction, control and supervision of the NYPD and the CITY OF NEW YORK.

39. While acting under color of State law the defendants NYPD and CITY OF NEW YORK failed to properly train, instruct and/or educate the individual defendants to refrain from violating plaintiff's rights, privileges and immunities under the U.S. Constitution.

40. The NYPD and CITY OF NEW YORK's failure to properly train, instruct and/or educate the individual defendants caused the plaintiff to be deprived of his Constitutional rights under the Fourth and Fourteenth Amendments when he was illegally arrested, detained and held against his will without probable cause to believe plaintiff had committed any crime.

41. The NYPD and CITY OF NEW YORK acted with deliberate indifference to plaintiff's constitutional rights in failing to properly train, instruct and/or educate its servants, agents, and/or employees.

42. The NYPD and CITY OF NEW YORK's failure to properly train, instruct and/or educate the individual defendants caused the plaintiff to suffer physical injuries, in addition to economic, emotional and psychological damage.

43. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; (ii) plaintiff is entitled to such additional punitive damages as are allowed by the applicable provisions of 42 U.S.C. §1983, and other

applicable statutes and law; and (iii) plaintiff is entitled to such attorney's fees, disbursements and costs as are allowed by the applicable provisions of 42 U.S.C. §1988, and other applicable statutes and law. As such, plaintiff demands judgment accordingly.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of 42 U.S.C. §1983: Failure to Supervise

44. Plaintiff repeats and realleges the allegations contained in paragraph "1" through "43" above as if fully set forth herein in their entirety.

45. At all times relevant to this Complaint, the individual defendants were acting under the direction, control and supervision of the NYPD and the CITY OF NEW YORK.

46. While acting under color of State law, the NYPD and/or the CITY OF NEW YORK failed to supervise the individual defendants, so as to prevent said individuals from violating plaintiff's rights, privileges and immunities under the U.S. Constitution.

47. The NYPD and the CITY OF NEW YORK acted with deliberate indifference to plaintiff's constitutional rights in failing to properly supervise its respective servants, agents, and/or employees.

48. The NYPD and/or the CITY OF NEW YORK's failure to supervise the individual defendants caused the plaintiff to be deprived of his Constitutional rights under the Fourth and Fourteenth Amendments when he was illegally arrested, detained, charged and prosecuted in the absence of probable cause to believe plaintiff had committed any crime.

49. The NYPD and/or the CITY OF NEW YORK's failure to supervise its servants, agents and/or employees, and subsequent violation of plaintiff's Constitutional rights caused the plaintiff to suffer physical injuries, in addition to economic, emotional and psychological damage.

50. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; (ii) plaintiff is entitled to such additional punitive damages as are allowed by the applicable provisions of 42 U.S.C. §1983, and other applicable statutes and law; and (iii) plaintiff is entitled to such attorney's fees, disbursements and costs as are allowed by the applicable provisions of 42 U.S.C. §1983, and other applicable statutes and law. As such, plaintiff demands judgment accordingly.

## AS AND FOR A FIFTH CAUSE OF ACTION
### False Arrest

51. Plaintiff repeats and realleges the allegations contained in paragraph "1" through "50" as if fully set forth herein in their entirety.

52. As set forth above, plaintiff was wrongfully, unlawfully and illegally stopped, searched, seized, arrested, imprisoned and detained without probable cause or other justification.

53. The wrongful and illegal arrest was caused by the defendants who (i) disseminated and submitted false statements and false affidavits in connection with criminal charges against plaintiff in the absence of probable cause to believe a crime or other

violation of the law had been committed by the plaintiff; and (ii) knowingly and willfully causing said false submissions and reports to be made to Court for the purpose of convicting plaintiff of a crime he did not commit.

54. Plaintiff was conscious of and objected to his confinement.

55. The wrongful acts of the defendants were undertaken with malice and wrongful intent.

56. By reason of the conduct described herein, the defendants have caused plaintiff to suffer substantial physical harm, as well as economic, emotional and psychological damages.

57. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

58. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Assault

59. Plaintiff repeats and realleges the allegations contained in paragraph "1" through "58" above as if fully set forth herein in their entirety.

11

60. As set forth above, the plaintiff was handcuffed, arrested and detained without cause or justification.

61. At the time of plaintiff's arrest and detention, the individual defendants were acting in their capacity as an agent, servant and/or employee of the NYPD and/or the CITY OF NEW YORK.

62. During and after the plaintiff's arrest and detention, the plaintiff was and continues to be fearful for his physical safety.

63. By reason of the conduct described herein, the defendants caused the plaintiff to suffer economic, emotional and psychological damages.

64. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

65. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Battery

66. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "65" as if fully set forth herein in their entirety.

12

67. Plaintiff was arrested by individual defendants in the absence of probable cause to believe that any crime or other violation of the law had been committed by the plaintiff.

68. In the course of the arrest, the individual defendants intentionally, harmfully and offensively touched plaintiff repeatedly, including by handcuffing him.

69. In the course of the arrest, the individual defendants intentionally, harmfully and offensively touched the plaintiff when conducting a pat down search of the plaintiff.

70. At the time of plaintiff's arrest, the individual defendants were acting in their capacity as agents, servants and/or employees of the NYPD and/or the CITY OF NEW YORK.

71. By reason of the conduct described herein, the defendants caused plaintiff to suffer substantial physical injury in addition to economic, emotional and psychological damages.

72. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

73. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law. As such, plaintiff demands judgment accordingly.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Malicious Prosecution

74. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "73" as if fully set forth herein in their entirety.

75. By reason of the wrongful acts described herein, the defendants wrongfully and maliciously caused criminal proceedings to be initiated and continued against the plaintiff.

76. The wrongful acts herein, including but not limited to every false statement, report and court submission, were intended to, and in fact did, tend to incriminate the plaintiff by imputing to him acts and conduct which he did not commit.

77. The defendants had no probable cause or reason to believe that the plaintiff committed any criminal act or conduct at the time that the defendants committed the wrongful acts described herein.

78. The wrongful acts of the defendants were undertaken with malice and wrongful intent.

79. The charges against the plaintiff were dismissed by a state criminal court judge. All criminal charges against Mr. Cabral were dismissed.

80. By reason of the conduct described herein, the defendants have caused the plaintiff to suffer substantial physical injury in addition to economic, emotional and psychological damages.

14

81. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

82. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law. As such, plaintiff demands judgment accordingly.

### AS AND FOR A NINTH CAUSE OF ACTION
### Abuse of Process

83. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "82" as if fully set forth herein in their entirety.

84. As set forth above, the individual defendants made false statements and contributed to initiation of criminal proceedings against the plaintiff in the absence of any probable cause to believe plaintiff committed any crime or other violation of any law.

85. The false statements made by the defendants caused the plaintiff to be charged with a crime, and the plaintiff was forced to proceed to trial to defend against these false charges.

86. The defendants' actions were undertaken with the intent to cause plaintiff physical, financial and emotional harm.

87. The defendants' actions were without excuse or justification.

15

88. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

89. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## AS AND FOR A TENTH CAUSE OF ACTION
### Negligence

90. Plaintiff repeats and realleges all allegations contained in paragraphs "1" through "89" as if fully set forth herein in their entirety.

91. The defendants had a duty to conduct a proper and though investigation of the claims against Mr. Cabral.

92. In addition, the NYPD and the CITY OF NEW YORK owed a duty to train and supervise its agents, servants and employees.

93. The defendants breached the duty of care when they arrested and charged plaintiff in the absence of probable cause.

94. In addition, the NYPD and/or the CITY OF NEW YORK breached their duty to train and supervise its agents, servants and/or employees, by failing to properly train the individual defendants to conduct a proper and through investigation of the claims against plaintiff.

16

95. By reason of the conduct described herein, the defendants have caused the plaintiff to suffer substantial physical injury in addition to economic, emotional and psychological damages.

96. In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

97. As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

98. Plaintiff repeats and realleges all allegations contained in paragraphs "1" through "97" as if fully set forth herein in their entirety.

99. The defendants' conduct as set forth above was extreme and outrageous, and intended to cause the plaintiff severe emotional distress.

100.    The defendants' wrongful acts were intentional, outrageous and so extreme as to go beyond the bounds of common decency and are utterly intolerable in a civilized society.

101.    Due to the defendants' conduct, the plaintiff suffered severe emotional distress.

102.    In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

103.    As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

### AS AND FOR A TWELTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

104.    Plaintiff repeats and realleges all allegations contained in paragraphs "1" through "103" as if fully set forth herein in their entirety.

105.    All defendants owed a duty to refrain from the wrongful acts and omissions set forth above.

106.    All defendants breached this duty by committing the wrongful acts described herein.

107.    The defendants' conduct as set forth above was extreme and outrageous, and so extreme as to go beyond the bounds of common decency and are utterly intolerable in a civilized society.

108.    As a direct result of the breaches of duty described herein, the plaintiff was caused to suffer extreme emotional and psychological damages.

109.     In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

110.     As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Prima Facie Tort

111.     Plaintiff repeats and realleges all allegations contained in paragraphs "1" through "110" as if fully set forth herein in their entirety.

112.     The wrongful and illegal acts described herein were undertaken with the knowledge and intent that these acts would cause the plaintiff grievous injury and damage.

113.     The wrongful acts of the defendants were undertaken with malice and wrongful intent.

114.     In addition, the NYPD and/or the CITY OF NEW YORK are liable under the doctrine of respondeat superior for the wrongful acts committed by their servants, agents and/or employees.

115.    As a result of the foregoing: (i) plaintiff is entitled to compensatory damages in an amount to be determined at trial; and (ii) plaintiff is entitled to such additional punitive damages as are allowed by applicable statutes and law.  As such, plaintiff demands judgment accordingly.

## JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff DAGOBERTO CABRAL respectfully requests that this Court enter Judgment:

(a)    Awarding the full amount of compensatory damages as plaintiff may prove at jury trial against all defendants jointly and severally; and

(b)    Awarding the full amount of punitive damages as plaintiff may prove at jury trial against all defendants individually; and

(c)    Awarding the full amount of attorney's fees, disbursements and costs as are allowed by the applicable provisions of 42 U.S.C. §1988, and other applicable statutes and law; and

(d)    Issuing an order permanently enjoining the defendants and each of them from further violation of plaintiff's rights; and

(e)    Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, New York
        June 14, 2012

Yours, etc.,

MARTIN & COLIN, P.C.
Attorneys for Plaintiff

   WILLIAM MARTIN
By:  WILLIAM MARTIN
Office & Post Office Address:
44 Church Street
White Plains, NY 10601
(914) 771-7711        phone
(914) 206 3619        fax
info@martincolin.com